**UNITED STATES of America,
Plaintiff-Appellee,
v.
James Clifford MOUNTS,
Defendant-Appellant.**

No. 85–5126.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 26, 1985.

Decided June 16, 1986.

---

Allen W. Holbrook (argued), Morehead, Ky., for defendant-appellant.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Robert Michael Murphy (argued), for plaintiff-appellee.

Before KEITH and KENNEDY, Circuit Judges and WISEMAN, Chief Judge.*

WISEMAN, Chief Judge.

James Clifford Mounts appeals from a restitution order against him issued under the Victim and Witness Protection Act, 18 U.S.C. §§ 3579, 3580 (1982). Defendant pleaded guilty to one count of being a convicted felon receiving explosives which had been transported in interstate commerce. He contends that the imposition of restitution as part of his sentence is unlawful because the damages upon which restitution is based are not directly attributable to the count on which he pleaded guilty. We disagree and affirm the order of restitution.

## Facts

The following facts were elicited by the district court at an evidentiary hearing.

On April 26, 1984, Mounts and a confederate burglarized the Ray Reams Action Auto Auction in London, Kentucky, taking several items of business equipment. According to testimony, Mounts attempted to blow up Action Auto's safe, using explosives which he had taken from a mine in an adjoining county. The business suffered severe damage. Mounts fled the scene in a Corvette which he had stolen from Action Auto. Mounts later collided with a pickup truck owned by Robert L. Adams, damaging both vehicles.

Mounts was indicted on five separate counts. Four counts charged Mounts and his co-defendant with offenses relating to their use of explosives, one of which involved the damage inflicted on Action Auto's building. Count 5 charges Mounts alone with being a convicted felon receiving explosives transported in interstate commerce.[1] Mounts pleaded guilty to count 5 of the indictment. The district court imposed a prison sentence of ten years on that count, and the remaining counts were

---

* The Honorable Thomas A. Wiseman, Jr., Chief Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

1. The indictment alleges that on or about April 26, 1984, Mounts and Stanley Witt received and disposed of explosive materials which they had reasonable cause to believe were stolen, in violation of 18 U.S.C. § 842(h); damaged a building and other property used in interstate commerce and affecting commerce by means of an

dismissed by the government. The trial judge held a hearing to determine the appropriateness of restitution, and heard testimony on Mounts' ability to pay and the losses sustained as a result of Mounts' actions. The court directed Mounts to pay $1,162.50 to Action Auto as a condition of parole pursuant to the restitution provisions of the Victim and Witness Protection Act, 18 U.S.C. §§ 3579, 3580. This figure is the sum of Action Auto's loss on the Corvette and half of its approximate loss on the business equipment.[2] The district court refused to order restitution to Adams for the damage to his pickup truck because the court found that the collision was a separate incident and "had nothing to do with this particular event." The court, exercising its discretion pursuant to 18 U.S.C. § 3580(d) and in consideration of the defendant's assets and his family's financial resources, also denied restitution to the insurance company which partially reimbursed Action Auto for its losses. Mounts appeals on the ground that the trial judge erred in ordering restitution for losses which were not directly caused by the conduct for which the defendant pleaded guilty.

### The Restitution Order

■ The Victim and Witness Protection Act allows a trial judge, as part of the sentencing process, to order a defendant to make restitution "to any victim of the offense." 18 U.S.C. § 3579(a)(1) (1982). Neither the term "offense" nor "victim" is defined in the VWPA.

This Court has previously adopted a narrow definition of "offense" holding that "[a] natural construction of this language

would require that the defendant make restitution only to victims of the offense for which he was convicted." *United States v. Durham,* 755 F.2d 511, 512 (6th Cir.1985). In the same case, however, this Court adopted a broader definition of "victim."

> This language [18 U.S.C. §§ 3579(b)(1) and 3580(a) ] clearly indicates that Congress intended restitution to be awarded to persons who suffered injury "as a result of" the offense. The remaining question is whether Congress intended a "victim" to be a person who suffered injury as a result of actions that are necessary elements of the offense charged, or whether Congress intended a "victim" to be a person who suffered injury as a result of the defendant's actions that surrounded the commission of the offense, regardless of whether the actions are elements of the offense charged. We believe Congress intended the latter definition.

*Durham,* 755 F.2d at 513.[3]

The statute directs that restitution awards be "as fair as possible to the victim...." 18 U.S.C. § 3579(d).

Here the offense to which the plea of guilty was accepted was a violation of 18 U.S.C. § 842(i)(1), receipt of an explosive by a convicted felon. This section was enacted as a part of the Organized Crime Control Act of 1970, Pub.L.No. 91–452, 84 Stat. 941 (1971). Excerpts from the legislative history provide insight into the intent of Congress:

> Bombings and the threat of bombings, have become an ugly, recurrent incident of life in cities and on campuses throughout our Nation. The absence of any

---

explosive, in violation of 18 U.S.C. § 844(i)–(j); made a "firearm" without paying the making tax, in violation of 26 U.S.C. §§ 5861(f), 5871; and possessed a firearm which had not been properly registered, in violation of 26 U.S.C. §§ 5861(d), 5871. Mounts, in addition, was indicted on one count of being a convicted felon receiving explosives which had been transported in interstate commerce, in violation of 18 U.S.C. § 842(i)(1).

**2.** The trial court split the loss on the business equipment between Mounts and Witt.

**3.** *See also United States v. Allison,* 599 F.Supp. 958, 959 (N.D.Ala.1985) (stating "Congress intended for 'victims of the offense' to include all who are hurt as a result of criminal activity which has been clearly demonstrated during a federal criminal trial"); *compare United States v. Richard,* 738 F.2d 1120, 1123 (10th Cir.1984) (although another person could have taken funds during bank robbery, any loss occurred as a result of defendant's actions because he "created the circumstances under which [the loss] could occur").

effective State or local controls clearly attest to the urgent need to enact strengthened Federal regulation of explosives.

\* \* \* \* \* \*

The *hearing record further discloses that* approximately 35 States have little or no regulation over the sale or distribution of dynamite and other explosive substances.

\* \* \* \* \* \*

Title XI combines the regulatory approach to the distribution and storage of explosives with strengthened and expanded criminal prohibitions that apply to the intentional misuse of explosives. Its purpose is to protect interstate and foreign commerce against interference and interruption *by reducing the hazards to persons and property arising from explosives misuse....* (emphasis added)

H.R.Rep. No. 1549, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Ad. News 4007, 4013.

Section 842(d).—This paragraph establishes six categories of persons, whose possession of explosive materials this committee has found *to present a special danger to the public safety and welfare....*

\* \* \* \* \* \*

Section 842(i).—This paragraph prohibits convicted felons ... from shipping, transporting or receiving explosive materials in interstate or foreign commerce. (emphasis added)

H.R.Rep. No. 1549, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Ad. News 4007, 4043–44.

It is clear from this legislative history that Ray Reams Action Auto Auction was among the contemplated class of victims of misuse of dynamite, and that defendant Mounts was among those who presented a "special danger to the public safety and welfare" by the receipt of dynamite. Mounts' claim that he must plead guilty to or be found guilty of the offense of actual destruction of the building (dismissed un-

der the plea agreement as Count 2) is without merit under the rationale of *Durham.* Reams was victimized by the misuse of the dynamite that the statute was designed to prevent Mounts from receiving, because of the potentiality of misuse by a convicted felon.

The damage to Reams' automobile, stolen in the burglary and subsequently damaged, presents a more difficult problem under the restrictive definition of "offense" in *Durham,* yet it is easily disposed of under the expansive definition of "victim." The burglary, misuse of dynamite in blowing up the safe, and theft of the Corvette for purposes of escape were an uninterrupted series of events surrounding the criminal activity of appellant. Stealing a car to escape the scene of a misuse of explosives unlawfully received is not so attenuated as to elude the definition of *Durham,* i.e., "a 'victim' [is] a person who suffered injury as a result of the defendant's actions that surrounded the commission of the offense, regardless of whether the actions are elements of the offense charged." 755 F.2d at 513.

The broad definition of "victim" we adopt here comports with the remedial purposes of the Victim and Witness Protection Act. Perpetrators of crime should bear the full consequences of their criminal acts to the extent that this is possible. Neither innocent victims nor society should bear any of the resultant costs.

We note that Judge Siler held an evidentiary hearing and that the preponderance of the evidence favored his finding that appellant received and misused the dynamite and stole the Corvette for purposes of escape. 18 U.S.C. § 3580(d). We also note that no constitutional questions are raised by the appeal and we, therefore, do not address them.

### Indigency

■ Finally, Mounts argues that the restitution order was improper because he is indigent. While a defendant's ability to pay is a consideration in the determination of restitution, 18 U.S.C. § 3580(a), indigency is not a bar to an order of restitution. *See, e.g., United States v. Ruffen,* 780 F.2d

1493(9th Cir.1986); *United States v. Fountain,* 768 F.2d 790, 802 (7th Cir.1985); *United States v. Keith,* 754 F.2d 1388, 1393 (9th Cir.1985); *United States v. Brown,* 744 F.2d 905, 911 (2d Cir.1984). The record of the hearing on restitution clearly demonstrates that the district court considered the defendant's indigency and earning ability and the needs of his family. The court denied restitution to Action Auto's insurance carrier upon these considerations.

The district court is AFFIRMED.