**UNITED STATES of America**

v.

**Robert JOHNSON.**

**Crim. No. H–86–76(PCD).**

United States District Court,
D. Connecticut.

April 3, 1987.

RULING RE RESTITUTION

DORSEY, District Judge.

## I. *Facts and Procedural History*

Defendant has pleaded guilty to a charge that he violated 18 U.S.C. § 371 by conspiring to aid, assist, or advise in the preparation and presentation of fraudulent tax returns, conduct which in turn violated 26 U.S.C. § 7206(2). Defendant's activity grew out of a partnership between Clinton Energy Associates and Midland Alcohol Fuels, Inc., created for the purpose of manufacturing gasohol. Defendant undertook to attract investors as limited partners. These partners invested in the partnership to secure profits and to shelter some of their tax liability. Defendant provided the investors with K–1 forms and informed them of their entitlement to certain tax deductions for the years 1980–82. Because the partnership's business transactions were fraudulent in nature, defendant's representations were false and investors who relied on such representation and took the recommended deductions were required to pay back taxes, plus interest, and were assessed penalties.

Two of the limited partners have claimed restitution from defendant to be a condition of his sentence and/or probation under 18 U.S.C. §§ 3663(a)(1) and 3651. Claimants Alfred and Ruth Blumrosen seek $18,-137.30—representing their $12,499 investment in the partnership and the $5,638.30 they were assessed in tax deficiencies, interest, and penalties. Claimants Allan Clamage and his wife seek restitution of $35,000 under 18 U.S.C. § 3651. Doctor Myron Brand seeks $35,000.[1]

## II. *Discussion*

Section 3663(a)(1) provides that a court may require, as a condition of sentencing, that a defendant pay restitution to any victim of a Title 18 offense for which he has been found guilty. Section 3663, along

Jeremiah F. Donovan, Asst. U.S. Atty., New Haven, Conn., for plaintiff.

Ronald C. Osach, Silverstein & Osach, New Haven, Conn., for defendant.

---

1. The Clamages have not itemized their claim beyond representing that $18,750 was initially invested in the company. Doctor Brand claims $8,000 of his alleged $35,000 loss constitutes tax interest.

with its procedural counterpart, § 3664, do not become effective until November 1, 1987. Pub.L. No. 98–473, § 212(a)(1), (2), 235(a)(1), 98 Stat. 1987, 2031 (1984), as amended by Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985). Until that time, parties are limited to seeking restitution under §§ 3579 and 3580, which are identically worded and which will be superseded by §§ 3663 and 3664. Sections 3663 and 3664 do not cover offenses which occurred prior to January 1, 1983. Section 3651 has been in effect since 1948 and authorizes imposition, as a condition of probation, of an obligation to make restitution for losses caused by the committed offense, regardless of the date of the offense, which need not be a Title 18 offense.[2]

### A. Title 18 Offense

 Restitution under § 3579(a)(1) is premised on the initial finding of guilt of a Title 18 offense. *United States v. Abod,* 770 F.2d 1293, 1298 (5th Cir.1985). Although the substantive offense is § 7206(2) of Title 26, the corresponding finding that he was also guilty of conspiracy under 18 U.S.C. § 371 provides a proper foundation for restitution. *United States v. Dudley,* 739 F.2d 175 (4th Cir.1984) (restitution ordered where defendant charged with conspiracy, unlawful use of food stamps, and distribution of demerol). *See also United States v. Spinney,* 795 F.2d 1410, 1416 (9th Cir.1986). Thus, as defendant has been found guilty of a Title 18 offense for § 3579 purposes and as the prerequisites for proceeding under § 3651 have likewise been established, claimants may proceed under either or both statutes.

### B. Victims and Aggrieved Persons

Under § 3579, a defendant may be ordered to pay restitution "to any victim of the offense." Under § 3651, a defendant may be ordered to pay restitution "to ag-

grieved parties for actual damages or loss caused by the offense for which conviction was had." The initial question is whether the benefit of § 3579 extends to a different class than those covered under § 3651. This issue requires a two-part analysis: (1) are the terms "victim" and "aggrieved person" distinct; and (2) is the requisite effect on a victim of the offense § 3579 the same as actual damages or loss caused by the offense under § 3651.

 Sections 3579 and 3580 do not define the term "victim," but the legislative history suggests that a broad application was intended. These statutes were part of the Victim and Witness Protection Act of 1982, Pub.L. No. 97–291, § 5(a), 96 Stat. 1253 (1982) and amended by Pub.L. No. 98–596, 98 Stat. 3138 (1984), which was enacted, in part, to broaden the protection of victims and to reinforce the use of restitution in sentencing. Sen.Rep. No. 532, 97th Cong., 2d Sess., at 9 & 30, *reprinted in part in* 1982 U.S.Code Cong. & Adm. News 2515, 2536. The Act was also passed in response to the fact that restitution under § 3651 had been used infrequently. *Id.* at 30, 1982 U.S.Code Cong. & Adm.News at 2536. Despite the apparent wish that restitution be ordered more frequently, however, there is no suggestion that Congress intended to distinguish between the terms "victim" and "aggrieved person." Plainly, one who is aggrieved is one who has suffered an injury or offense, viz, one who has been victimized. Webster's Third International Dictionary at 41 and 2550 (1981). The legislative history suggests that the choice of the term "victim" rather than "aggrieved person" was more a matter of semantics than substance.[3] Thus, though Congress intended to expand the use of restitution, it did not expand the class of beneficiaries for whom restitution might be

---

**2.** Pub.L. No. 98–473, § 212(a)(2), 98 Stat. 1987 (1984) repealed § 3651. Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985), amending Pub.L. No. 98–473, § 235, 98 Stat. 2031 (1985), extended repeal to November 1, 1987.

**3.** The term "victim" is used throughout the law to refer to those who suffer a loss from criminal

activity. There is no indication that Congress intended to distinguish between those whose loss was redressable under § 3651 and those whose loss was redressable under §§ 3579 and 3580. *See United States v. Hussong,* 778 F.2d 567, 569–70 (10th Cir.1985) (defining "aggrieved person" broadly to include indirect victims).

ordered by use of a broader, more inclusive term "victim."

Courts have, however, expanded the class of persons entitled to restitution based on the language of the statute and the intent of the legislation. Section 3579 differs markedly from § 3651 in that the latter specifies that only those who have suffered "losses caused by the offense *for which conviction was had*" may be entitled to restitution. Courts have interpreted this language narrowly and restricted the class of those entitled to restitution under § 3651 solely to those persons who were victims of the offenses for which defendant was convicted. *United States v. Elkin*, 731 F.2d 1005, 1013 (2d Cir.), *cert. denied*, 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984); *United States v. Johnson*, 700 F.2d 699, 701 (11th Cir.1983); *Fiore v. United States*, 696 F.2d 205, 209–210 (2d Cir.1982). While some courts and commentators have noted that elimination of the "offense of conviction language" would enlarge the class who would be entitled to restitution, *see, e.g.,* "Restitution in the Criminal Process: Procedures for Fixing the Offender's Liability," 93 Yale L.J. 505, 507, 509, 514–16 (1984); *United States v. Allison*, 599 F.Supp. 958, 959–60 (N.D.Ala.), *cert. denied*, 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985), the majority of courts have not relied on this distinction and have, in fact, read the requirement into the statute. *United States v. Barnette*, 800 F.2d 1558, 1571 (11th Cir.1986); *United States v. Mounts*, 793 F.2d 125, 127 (6th Cir.1986); *United States v. Durham*, 755 F.2d 511, 512 (6th Cir.1985). Nevertheless, those courts which have read the requirement into the statute or who have ignored the language altogether have compensated by broadly defining the class of victims which are cognizable under a particular offense.[4] The term "victim" covers any "person who suffered as a result of the defendant's actions that surrounded the commission of the offense, regardless of whether the actions are elements of the offense charged." *Durham*, 755 F.2d at 513 (ordering restitu-

tion to the insurer of an automobile destroyed by arson during commission of a bank robbery even though defendant was not charged with arson). In *Mounts*, the court extended the class to those who suffered a loss as part of an "uninterrupted series of events surrounding [the defendant's] criminal activity." 793 F.2d at 128 (ordering restitution to owner of car which was stolen to facilitate escape from burglary where explosives were used by convicted felon in violation of 18 U.S.C. § 842(i)(1)); *see generally, Spinney*, 795 F.2d at 1417 ("A restitution order is authorized if the defendant created the circumstances under which the harm or loss occurred."); *United States v. Ruffen*, 780 F.2d 1493, 1496 (9th Cir.1986) (construing "any victim" to include governmental agencies).

Given this broad definition, claimants' losses to the extent they represent penalties and interest occurring after January 1, 1983, are recoverable. Defendant's filing false K–1 forms and the corresponding false representations as to deduction entitlement were part of the violation of which defendant stands convicted. The limited partners eventually became liable to the Internal Revenue Service for the resulting improper deductions plus any interest and penalties assessed thereon. The resulting tax penalties and interest would not have been incurred but for defendant's conduct. The same rationale is not applicable, however, to the investors' liability for their tax deficiencies nor their initial investments. The partners invested to reap profit and to shelter taxes. These investments were not guaranteed. Each partner accepted the risk that he might lose money rather than make money either because of adverse economic factors or business judgment on the part of management. Fraud on the part of defendant, directed toward the investor, was not an element of the charge on which defendant has been convicted. Accordingly, defendant cannot have been deemed to stand convicted of fraud as to the investment, that is the risk

---

4. Courts which have adopted this approach have placed primary reliance on the statutory language that *any* victim may recover losses which are the *result* of an offense. *See, e.g., Durham*, 755 F.2d at 513.

assumed by the investors. It is not proper to order restitution beyond that caused by the conduct on which the conviction is premised. Defendant's conduct which violated the tax laws does not embrace the additional elements of fraud in the inducement of the investment. The loss of the investment cannot be said to have resulted from that limited conduct of which defendant here stands convicted and restitution therefor would be improper.[5] Nor are claimants entitled to restitution for the amount of their back taxes.

All that defendant has here been convicted of is conduct which was adversely directed to the government and its tax collection responsibility. Claimants' investments were like any other attempted tax shelter investments—deductions are allowed only to the extent authorized by the Internal Revenue Code. Even if defendant had not violated 26 U.S.C. § 7206, claimants would not be entitled to the deductions they took. Although defendant's violation of the statute may have increased claimants' tax liability in the form of penalties and interest for which they are entitled to restitution, but it did not create their underlying tax liability. That was created by the limits on deductions imposed by Congress. Their tax liability stems from the tax code. Claimants are only entitled to restitution for losses resulting from defendant's offense and the facts surrounding that offense; they are not entitled to restitution for results that are either too remote or not caused by that offense.[6] *United States v. Kenney,* 789 F.2d 783, 784 (9th Cir.1986); *United States v. Tyler,* 767 F.2d 1350, 1351 (9th Cir.1985); *United States v. Kuna,* 760 F.2d 813, 820 (7th Cir.1985); *United States v. Forzese,* 756 F.2d 217, 222 (1st Cir.1985); *United States v. Tiler,* 602 F.2d 30, 33 (2d

Cir.1979). Accordingly, claimants are entitled to restitution for losses incurred in the form of penalties and interest. Claimants' claims for restitution for losses of their investments and for their increased tax liability caused by denial of deductions taken are denied.

### C. *Effective Date of Statute*

■ Sections 3579 and 3580 apply only to offenses which occurred after January 1, 1983; offenses occurring before that date may only be redressed under § 3651. *United States v. Wheadon,* 794 F.2d 1277, 1285 (7th Cir.1986); *United States v. Martin,* 788 F.2d 184, 189 (3d Cir.1986). The conspiracy to which defendant pleaded guilty lasted from 1980–1983, straddling the effective date of §§ 3579 and 3580. Although some of the overt acts occurred before 1983, such is not fatal to claimants' requests. *Barnette,* 800 F.2d at 1570–71; *Martin,* 788 F.2d at 189. Therefore, that portion of claimants' losses which occurred prior to 1983 are recoverable under § 3651, losses occurring after 1983 are recoverable either under §§ 3579 and 3580 or 3651. *Martin,* 788 F.2d at 189; *but see Barnette,* 800 F.2d at 1570 (where court did not proportionalize pre–1983 losses from post–1983 losses).

### D. *Plea Agreement Negotiation*

■ Defendant has also argued that restitution should not be ordered as it was not a matter discussed in his plea agreement. Defendant's Memorandum at 10–11, citing *United States v. Whitney,* 785 F.2d 824 (9th Cir.1986). In fact, as both defendant and the government failed to note, the plea agreement expressly provided that the provisions of § 3579 were inapplicable.[7] The

---

5. Congress also recognized that to the extent an order of restitution would unnecessarily "complicate or prolong the sentencing process," such need not be ordered. 18 U.S.C. § 3579(d).

6. This decision does not reach claimants' entitlement via a civil action for losses caused by defendant's alleged fraud in the inducement of their initial investments.

7. The plea agreement states:
 Finally, because the offense to which your client will plead guilty was completed prior to

January 1, 1983, the provisions of the Victim and Witness Protection Act, 18 U.S.C. § 3579, are inapplicable.
Curiously, the government's position that the crime was completed prior to January 1, 1983, is at odds with the allegations in the information, which alleges at ¶ 22 that the last overt act in the conspiracy occurred on March 12, 1983. As noted *supra,* the court has adopted the latter finding.

law is clear that a "restitution amount must be set forth either in the indictment counts on which conviction is based or in a plea agreement that specifically addresses restitution." *Whitney*, 785 F.2d at 860 (§ 3651); *United States v. Hawthorne*, 806 F.2d 493, 499 (3d Cir.1986) (restitution cannot be ordered if defendant was not apprised of possibility of restitution); *Elkin*, 731 F.2d at 1012–132. The rationale for this rule is quite simply that a defendant has a right to know the consequences of his plea agreement. Thus:

> Where a plea is sought on a count(s) on which restitution in an amount exceeding that charged in the particular count(s) may properly be imposed, the government must in the course of negotiating the plea, inform the defendant of the possibility that restitution will be required, so as to afford the defendant a full opportunity to assess adequately all the consequences prior to entering a plea of guilty. In the absence of a provision for restitution in the plea agreement, the district court must, prior to accepting the plea, inform the defendant of the possibility of its restitution before a subsequent order of restitution in an amount exceeding that charged in the count(s) to which the defendant pleaded may be sustained.

*Hawthorne*, 806 F.2d at 499.

▮ In both § 3579 and 3580 cases and § 3651 cases the law requires that defendant be given notice that he might face an order of restitution, although the precise amount need not be specified. Indeed, the Advisory Committee Notes to Rule 11(c)(1) indicate that, in view of § 3579, a defendant should be apprised of the power of the court to issue an order of restitution. Fed. R.Crim.P. 11(c)(1), Adv.Comm.Notes (1985 Amendment). Here, there was not only no notice but a specific representation by the government that restitution would not be sought. The government is not in a position to concede the rights of the claimants as Congress was clear in indicating that victims' rights should not only be observed but honored. Sen.Rep. at 30, *reprinted in* 1982 U.S.Code Cong. & Ad.News at 2536 ("The premise of the section is that the court in devising just sanctions for adjudicated offenders should insure that the wrongdoer make goods [sic], to the degree possible, the harm he has caused his victim."). As defendant was not provided with the requisite notice, he shall be given an opportunity to withdraw his plea. *Martin*, 788 F.2d at 189.

Accordingly, claimants shall file, on or before April 10, 1987, a record, along with all supporting documentation, of the penalties and interest they incurred as a result of defendant's criminal conduct proportioned according to the assessments made as to each tax year in 1980, 1981 and 1982. Defendant shall then decide, on or before April 24, 1987, whether he will withdraw his plea agreement. If he chooses not to do so, defendant shall file any response to claimants' filings on or before May 1, 1987, and shall, in conjunction with the probation office compile a record of defendant's resources on or before May 15, 1987. If defendant does not withdraw his plea, restitution, if any, shall be determined at sentencing on May 27, 1987.

SO ORDERED.