No. 89–259. DEMOSTHENES, WARDEN v. NEUSCHAFER. C. A. 9th Cir. Certiorari denied. JUSTICE WHITE would grant certiorari.

No. 88–7294. DUNCAN v. UNITED STATES. C. A. 10th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

This case involves the interpretation of 18 U. S. C. § 3663(a) (1982 ed., Supp. V), which provides that a court may order a defendant convicted under that title to make restitution "to any victim of such offense." *Ibid.* In this case, the Tenth Circuit read the term "offense" as used in § 3663(a) broadly: the term does not "restrict a sentencing judge to conside[r] only those acts for which conviction was had, or for which the defendant pleaded guilty." 870 F. 2d 1532, 1536 (1989). The Sixth Circuit, by contrast, has "adopted a narrow definition of 'offense' holding that '[a] natural construction of this language would require that the defendant make restitution only to victims of the offense for which he was convicted.'" *United States* v. *Mounts,* 793 F. 2d 125, 127 (1986) (citations omitted). I would grant the petition for a writ of certiorari in order to resolve this conflict.

No. 88–7388. DOE v. UNITED STATES. C. A. 9th Cir. Certiorari denied. JUSTICE BRENNAN, JUSTICE WHITE, and JUSTICE BLACKMUN would grant certiorari.