899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl L. BRIGGS, Defendant-Appellant.
 No. 89-5977.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1990.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Carl L. Briggs entered a plea of nolo contendere for receiving, possessing, and disposing of approximately $24,000 in stolen proceeds from a bank robbery. He does not challenge the District Court's acceptance of his plea or the incarceration sentence he received. His sole claim on appeal is that the District Court erred in ordering him to pay $21,767.60 in restitution to compensate the victims of his crimes. More specifically, he alleges that the District Court made insufficient findings of fact before imposing restitution and, in the alternative, that the facts before the District Court do not support the order entered. Though we would prefer presentence reports to contain more information concerning a defendant's ability to pay restitution and would prefer that the District Court make more complete findings, we believe the judge's findings here to be minimally adequate and the order supported by the evidence. Accordingly, we AFFIRM.
 
 
 2
 Briggs entered a plea of nolo contendere to a superseding indictment that charged him with receiving, possessing, and disposing of the proceeds of a bank robbery in violation of 18 U.S.C. Sec. 2113(c). The indictment also charged Briggs' brother, Anthony, with receiving, possessing, and disposing of $2,000 in proceeds from the same robbery. The defendant gave his brother the $2,000 he was charged with possessing. Anthony also hid a bag containing the remainder of the stolen money for his brother. He eventually showed federal authorities where he had hidden the bag, but it was never recovered. Apparently either the defendant or an unknown third accomplice moved the money from the place where Anthony had hidden it.
 
 
 3
 Briggs entered his plea in May 1989. Prior to his sentencing, the United States Probation Department prepared a detailed presentence report. At his presentence hearing in July 1989, the court asked both Briggs and his attorney whether they had reviewed the presentence report and, if so, whether they had any objections, corrections, clarifications, or additions. Both responded that they had reviewed the report and had nothing to add. The court then sentenced Briggs. As part of that sentence, Briggs was ordered to pay $21,767.60 in restitution within the first 34 months following his release--$20,827.60 to Bay Bank Middlesex to compensate the bank for the unrecovered portion of its stolen money, and $940 to Eastern Airlines to compensate it for the stolen money it received from Briggs in payment for an airline ticket.
 
 
 4
 Briggs first argues, citing, inter alia, United States v. Shackelford, 777 F.2d 1141, 1145 (6th Cir.1985), cert. denied, 476 U.S. 1119 (1986), that the District Court must make detailed findings of fact before imposing an order of restitution under the Victim Witness Protection Act (VWPA), 18 U.S.C. Secs. 3663 and 3664.[1] As we made clear in United States v. Purther, 823 F.2d 965, 969 (6th Cir.1987), however, the VWPA does not require findings per se, only some indication in the record that the court has considered the relevant factors. Where a presentence report containing information about the relevant factors was considered by the District Court--and where the defendant makes no objection to the report which would require a factual finding by the District Court pursuant to 18 U.S.C. Sec. 3664(d) or Fed.R.Crim.P. 32(c)(3)(D)--we will presume that the court relied upon the information in the report to impose sentence. Accordingly, if the presentence report, taken together with any other findings made by the District Court, supports the restitution award, the award will be affirmed.
 
 
 5
 Briggs alleges that the restitution award was erroneous because his relative culpability, his ability to pay restitution, the benefits he received, and other compensation received by the victims were not adequately considered by the District Court when it imposed its restitution order. Initially, the government argues that Briggs is foreclosed from raising this argument since he failed to object to the award when asked by the District Court Judge. It is clear from the record, however, that when the court asked if counsel had "any statement as to the legality of [the restitution award]" that the court did not intend to foreclose all appeals. Joint App. at 63. The exchange was merely intended to allow counsel to raise any objections to the order that were immediately apparent.
 
 
 6
 The VWPA allows courts to consider any relevant factor when ordering restitution but explicitly requires a District Court to consider the amount of loss sustained by the victims, the financial resources of the defendant, and the financial needs and earning ability of the defendant and the defendant's dependents. 18 U.S.C. Sec. 3664(a). The presentence report, which was not challenged by the defendant below, contains information on all these subjects. While the Probation Department--either on its own initiative or at the prompting of the District Court--ideally should provide more detailed information concerning the application of these factors to the issue of restitution, we nevertheless believe the report was adequate to allow review. As already noted, the report identified two victims of the crime, Bay Bank Middlesex, which lost $20,827.60, and Eastern Airlines which lost $940. It revealed that Briggs had assets of $200, but no dependents or financial obligations. The report also summarized the defendant's employment history and educational background. Briggs served three years in the United States Air Force and since then has held two jobs, one as an electrical maintenance mechanic and the other as an electrical technician. Thus there was a basis for concluding he had the ability and training for semi-skilled or skilled work. While Briggs claimed to have graduated from high school and attended college for a short period, the probation officer was only able to verify his education through the tenth grade. This information does not require a different conclusion.
 
 
 7
 Briggs also asserts that the court did not consider his relative culpability. Essentially, he believes the court should have found his brother to have been equally culpable and thereby responsible for one-half of the restitution obligation to the bank. While it is appropriate for the court to consider a defendant's relative culpability, United States v. Anglian, 784 F.2d 765 (6th Cir.), cert. denied, 479 U.S. 841 (1986), a court need not consider relative culpability in every case. Id. at 768. A similar statement can be made concerning relative benefits a defendant received from his crime. In any case, the presentence report did contain a summary of the case. From these facts, it appears that the defendant was far more culpable than his brother.
 
 
 8
 The defendant is correct in his assertion that the presentence report contains no information on whether the bank's loss was insured. While it would be preferable for the presentence reports to state whether the victim has insurance to cover the losses, we will not presume that victims have received or are to receive compensation unless there is evidence in the record suggesting that this might be the case. If the defendant wishes to establish that the victim has received or is to receive compensation, then the burden is on the defendant to raise the issue below and prove by the preponderance of the evidence that such a finding is appropriate. See 18 U.S.C. Sec. 3664(d) (factual disputes are to be resolved by a preponderance of the evidence with the burden of proof being "upon the party designated by the court as justice requires"). While United States v. Durham, 755 F.2d 511, 514-15 (6th Cir.1985), can be read to require an explicit finding on the question of whether a victim has been compensated for his or her losses, we do not believe this reading is appropriate. We do not know what evidence prompted the Durham Court to remand the case for a finding on the question, but in the case before us, the record is devoid of any evidence that suggests that the bank's loss has been or will be paid by another person.
 
 
 9
 Reviewing the presentence report, we determine that it contains sufficient information on the defendant's relative culpability, ability to pay restitution, and the benefits he received from his crime for the court to enter a restitution award. Further, we do not believe on the facts before us that the District Court abused its discretion in ordering restitution payments in the amount of $21,767.60. While a defendant's relative culpability and ability to pay restitution must be considered, they are not the only two factors that can be taken into consideration by a district court.[2] Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 While the District Court did not explicitly state that it was imposing the restitution order under the VWPA, this Court has stated that in the absence of a clear statement to the contrary, restitution awards will be presumed to fall under the VWPA. United States v. Padgett, 892 F.2d 445 (6th Cir.1989)
 
 
 [2]
 At argument, the defendant's counsel remarked that it was odd that the court found the defendant unable to pay a fine or the costs of his incarceration yet able to pay restitution. While we do not believe the defendant will find the restitution award easy to pay--unless he is able to turn over the hidden money--it does not appear unpayable. Further, it is likely that the court considered the award of restitution to be a factor in the decision not to order other payments. See United States Sentencing Commission, Guidelines Manual, Sec. 5E1.1(b) (Nov.1989) ("[i]f a defendant is ordered to make restitution and to pay a fine, the court shall order that any money paid by the defendant shall first be applied to satisfy the order of restitution"). Finally, we have held that indigency alone is not a bar to a restitution award. United States v. Mounts, 793 F.2d 125, 128-29 (6th Cir.), cert. denied, 479 U.S. 1019 (1986)