995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth E. BAPTISTE, Petitioner-Appellant,
v.
James ROWLAND, Director, Respondent-Appellee.
 No. 93-55446.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth E. Baptiste, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. The district court dismissed Baptiste's petition as an abuse of the writ. We have jurisdiction pursuant to 18 U.S.C. § 1291, and review for abuse of discretion. Neuschafer v. Whitley, 860 F.2d 1470, 1474 (9th Cir.1988), cert. denied sub nom. Demosthenes v. Neuschafer, 493 U.S. 906 (1989). We affirm.
 
 
 3
 A petitioner may abuse the writ by raising a claim in a second or subsequent petition for habeas corpus that he could have raised in his first petition. McCleskey v. Zant, 111 S.Ct. 1454, 1468 (1991). The government bears the burden of pleading abuse of the writ. Id. at 1470. The government may meet this burden by noting the petitioner's prior writ history, identifying the claims that appear for the first time, and alleging abuse of the writ. Id. The burden then shifts to the petitioner to disprove abuse of the writ, which can be done only by showing cause for failing to raise the claim in an earlier petition, and prejudice resulting therefrom. Id.; Harris v. Vasquez, 949 F.2d 1497, 1511-12 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992). A petitioner who cannot show cause may nonetheless be excused if the court's failure to hear the claim would result in a fundamental miscarriage of justice. McCleskey, 111 S.Ct. at 1470; Harris, 949 F.2d at 1511-12.
 
 
 4
 This standard for abuse of the writ, announced in McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991), does not create a new rule of law. Harris, 949 F.2d at 1512. Accordingly, the cause and prejudice standard may be applied to cases which were pending when the rule was announced. Id.; Teague v. Lane, 489 U.S. 288, 310 (1989).
 
 
 5
 Baptiste filed a federal petition for habeas corpus on March 6, 1989, alleging an error in the calculation of his presentence credits. The district court denied that petition on the merits. In the instant habeas petition, Baptiste alleges that his constitutional rights were violated because he was not granted a certificate of probable cause to appeal his conviction to the California Court of Appeal. Although Baptiste alluded to the fact that he had not been able to appeal his conviction in his earlier habeas petition, he specifically stated that he was only raising the presentencing credit issue for habeas review.[1] Because Baptiste has not shown cause or prejudice for his failure to raise the right to appeal claim in his earlier petition, we find that he has abused the writ. See McCleskey, 111 S.Ct. at 1470; Harris, 949 F.2d at 1511-12. Accordingly, we affirm the district court's dismissal of his habeas petition.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Baptiste indicated that he had been unable to get a certificate of probable cause to appeal his conviction to the California Court of Appeal in response to a question on the habeas petition form regarding exhaustion of state remedies