110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack M. STONE, Defendant-Appellant.
 No. 96-5973.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1997.
 
 Before: KEITH KENNEDY and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jack Stone pled guilty to charges of conspiracy to steal and misapply drugs from a local hospital receiving federal funds, theft and misapplication of property from the hospital, and tax evasion. He received a sentence of twenty-one months of imprisonment, and was made jointly and severally liable for restitution to the victim in the amount of $551,447.48. It is the restitution order entered by Judge Russell that is the subject of this appeal.
 
 
 2
 Stone, who operated a small pharmacy, admits that he purchased drugs from his co-conspirator, Wright, at a price normally available only to hospitals and other large facilities. Stone purchased the drugs through a fictitious company, which he created solely for the purpose of conducting the transactions with Wright. Profit flowed to Stone on two levels: on sales from the fictitious company to Stone's pharmacy, and in sales from Stone's pharmacy to the general public. Stone falsified his tax returns to omit the income derived from the sales between the fictitious company and his pharmacy.
 
 
 3
 Stone maintains that he did not know at the time of the conspiracy that Wright had obtained the drugs by stealing them from hospitals. Stone claims that he was told that these were drugs liquidated when pharmacies on the east coast went out of business. This claim is the foundation of Stone's appeal. He claims that the court's restitution order was an abuse of discretion because the court failed to consider relative culpability, because it failed to consider Stone's ability to pay, and because it imposed joint and several liability. This Court reviews the availability of restitution de novo, and reviews the amount of restitution ordered under an abuse of discretion standard. United States v. Guardino, 972 F.2d 682, 686 (6th Cir.1992).
 
 
 4
 The Victim and Witness Protection Act, 18 U.S.C. § 3663, authorizes a trial court to require the defendant to pay restitution to any victim of the offense. At section 3664(a) of that Act, the factors relevant to the court's decision are laid out. Among the relevant factors are the amount of the loss sustained by the victim as a result of the offense; the financial resources of the defendant; the financial needs and earning ability of the defendant and his dependents; and other factors deemed appropriate by the court. 18 U.S.C. § 3664(a).
 
 
 5
 Stone argues that the district court abused its discretion in failing to evaluate the relative culpability of the co-conspirators. Relative culpability is a factor which this Circuit has deemed appropriate for consideration in making a restitution decision. United States v. Anglian, 784 F.2d 765, 768 (6th Cir.), cert. denied, 479 U.S. 841 (1986). Stone argues that the court's failure to take this issue into account violates the principle announced in Anglian, and constitutes an abuse of discretion. However, Stone overlooks the specific language of the Anglian decision. In that decision, this Court specifically stated that "this opinion should not be read as requiring the consideration of relative culpability in making every restitution order ... we do not hold that it is always a necessary factor." Id. Further, Stone overlooks the express statement of the sentencing court on the issue of relative culpability. The court below stated that it would not spend particular time addressing the issue of relative culpability unless asked to do so by the parties. The court did however note for the record that "based upon my review of the material before me I find little difference in the relative culpability of the parties." Joint Appendix at 104, ll. 16-20. Thus, it appears that Stone's argument with respect to this issue has little merit.
 
 
 6
 Stone also argues that the district court failed to consider his ability to pay in crafting the restitution order. The court found that the loss to the victim was $551,477.58. The court also specifically addressed the issue of Stone's ability to pay during the sentencing hearing. The court noted that Stone had a family to support, and that he had lost "a lot" as a result of his crime. However, the court stated that with Stone's education and work experience, and in consideration of his current financial position, it had no doubt that he would eventually be able to pay the restitution ordered. The presentence report lists Stone's net worth as $415,171.00. While Stone did give up his pharmacy license after the conspiracy was discovered, the presentence report also notes that Stone's spouse is employed, and that Stone's only dependent is a sixteen year-old son. The court also took into account the fact that Stone profited twice from the conspiracy: he sold the stolen drugs from his fictitious company to his pharmacy at a significant profit, and then sold those drugs to the public for retail prices, again collecting a considerable profit.
 
 
 7
 The court was not required to make specific findings with regard to Stone's financial condition. United States v. Purther, 823 F.2d 965, 969 (6th Cir.1987). The court below did consider all of the information before it regarding Stone's ability to pay including his net worth, expenses for himself and his dependents, and his potential for future earnings. In fact, the court specifically waived a fine and the costs of incarceration, noting that the defendant could not meet these costs and also make restitution. Given the facts on the record, there is no indication that the court below failed to take into consideration Stone's ability to pay restitution, nor that it abused its discretion in imposing the order.
 
 
 8
 Lastly, Stone argues that the sentencing court abused its discretion in making him jointly and severally liable with his co-conspirator. Stone argues that because he will be released from incarceration one year earlier than his co-conspirator, it will fall on him to pay the full amount of the restitution order. As discussed above, the court below gave full consideration to the factors relevant to the restitution order. Having done so, that court will be allowed great discretion in crafting the order of restitution. Purther, 823 F.2d at 969. In the present case, the order requires only that restitution in full be made by the end of the period of supervised release imposed by the court. Thus, Stone will have three years after his release from incarceration in which to make restitution. Even if Stone's co-conspirator is indigent at the time of his release, as Stone suggests that he will be, that does not bar the court from imposing restitution. United States v. Mounts, 793 F.2d 125, 128-29 (6th Cir.), cert. denied, 479 U.S. 1019 (1986). Stone's basic argument is that imposing restitution jointly and severally has the effect of making him liable for the entire amount. Stone argues that this is an unfair result given the facts in the case. However, the victim is entitled to full restitution, and joint and several liability is an accepted manner of ensuring that the victim is not forced to chase down several people in order to recover. This Court perceives no inherent unfairness to Stone in the sentencing court's decision to impose joint and several liability on the co-conspirators, and will not deem that decision an abuse of discretion.
 
 
 9
 Accordingly, we AFFIRM the decision of the district court.