Armando VALERIANO, Petitioner,

v.

Larry B. MEACHUM, Commissioner
of Corrections, Respondent.

Civ. No. 5–91–369 (WWE).

United States District Court,
D. Connecticut.

March 27, 1992.

Christine Gonillo, Hurwitz and Sagarin, Milford, Conn., for petitioner.

James A. Killen, Office of the Chief State Atty., Wallingford, Conn., for respondent.

## RULING ON RESPONDENT'S MOTION TO DISMISS

EGINTON, District Judge.

### FACTS

Respondent moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss petitioner's claim. Motion papers allege the following facts.

Petitioner was convicted on February 11, 1980 in Connecticut Superior Court of felony-murder arising from an arson-related death. Petitioner is currently serving a sentence resulting from that conviction of between eighteen years and life imprisonment in Respondent's custody. Petitioner appealed his conviction to the Connecticut Supreme Court on three grounds, involving the trial court's jury charge and the denial by the trial court of motions to acquit and to exclude the sole hostile witness who testified against the Petitioner. The Connecticut Supreme Court affirmed the conviction in 1983. *See State v. Valeriano*, 191 Conn. 659, 468 A.2d 936 (1983), *cert. denied, Valeriano v. Connecticut*, 466 U.S. 974, 104 S.Ct. 2351, 80 L.Ed.2d 824 (1984).

In 1984 Petitioner filed his initial petition for federal habeas corpus relief in this court, once again alleging there was error in the jury charge and also alleging that he was denied the right to cross examine the hostile witness. In a ruling dated September 20, 1985 this court dismissed Petitioner's claims on procedural and substantive grounds. *See Valeriano v. Lopes*, N–84–495 (RCZ) (D.Conn.1985). At trial, on appeal to the Connecticut Supreme Court, and on the initial federal petition Petitioner was represented by attorney John Williams.

In 1986 Petitioner, represented by a public defender, filed a state habeas corpus petition alleging that attorney Williams did not provide him with effective assistance of counsel on his appeal to the Connecticut Supreme Court because Williams neglected to raise the common law "year and a day" rule. The state habeas court denied the petition, and the Connecticut Supreme Court ultimately affirmed. In so doing, the Supreme Court held that a reasonable attorney could conclude that the "year and a day" rule did not exist in Connecticut. *See Valeriano v. Bronson*, 209 Conn. 75, 90, 546 A.2d 1380 (1988).

Also in 1986, Petitioner filed a *pro se* state habeas corpus petition alleging that the pool of veniremen available for jury selection at his trial underrepresented members of his minority group. Petitioner's writ was presented at trial together with several like claims as an alleged violation of Conn.Gen.Stat. § 51–220. The claims relied upon the Second Circuit decision in *Alston v. Manson*, 791 F.2d 255 (2d Cir.1986), which held that a New Haven County jury pool had violated the Connecticut statute. The trial court dismissed the writs, and the Connecticut Supreme Court ultimately affirmed, holding that the petitioners failed to demonstrate good cause why they did not challenge the jury arrays prior to trial. *See Johnson v. Commissioner of Correction*, 218 Conn. 403, 423, 589 A.2d 1214 (1991).

Petitioner now brings his second federal habeas action, seeking relief on two grounds. Petitioner alleges first that the selection and impaneling of his jury was unconstitutional because it underrepresented his minority group, and second that the trial court erred in not following the "year and a day" rule.

Respondent argues that the petition should be dismissed because Petitioner has abused the writ of habeas corpus by now raising claims which should have been addressed in his initial federal habeas action. For the following reasons, Respondent's motion to dismiss will be granted.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of

the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss under the Federal Rules of Civil Procedure, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Rule 9(b) of the Rules Governing Habeas Corpus Proceedings summarizes the grounds for dismissing a writ of habeas corpus due to abuse:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

28 U.S.C. § 2254 Rule 9(b) (1991). When the government has alleged the abuse of the writ of habeas corpus with sufficient particularity, the burden shifts to the petitioner to disprove the abuse. The Supreme Court has enumerated a "cause and prejudice" standard for disproving abuse:

> To excuse [petitioner's] failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions ... [i]f petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

*McCleskey v. Zant*, —— U.S. ——, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).

■ To show cause, Petitioner must demonstrate either that some objective factor external to the defense impeded his counsel's efforts to raise the claim in the initial proceeding, or that Petitioner had ineffective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Once cause is demonstrated, Petitioner must show " 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). If Petitioner fails to show cause or prejudice, a writ may still issue in "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey*, 111 S.Ct. at 1470.

### The Exhaustion Requirement as a "Cause"

■ Petitioner asserts that the "cause" criteria is satisfied here because he could not raise the "year and a day" and jury array claims in his initial petition due to the total exhaustion rule of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). *Rose* holds that before bringing federal habeas corpus claims a petitioner must exhaust all available state court remedies. *Rose*, 455 U.S. at 520–22, 102 S.Ct. at 1204–05.

There are several problems with Petitioner's argument, the most fatal of which is that the Supreme Court has never held that a need to comply with the exhaustion doctrine is a valid "cause." Indeed, to adopt such a rule would fly in the face of *Rose*, which held that a petitioner who consciously decides to forego bringing a claim risks dismissal of subsequent federal petitions. *See Rose*, 455 U.S. at 521, 102 S.Ct. at 1205. Petitioner asserts he made such a conscious decision here.

### A) The Year and the Day Rule

■ The claim that the trial court erred in not following the "year and a day" rule has never before been raised by Petitioner in a state or federal forum. In his initial state habeas proceeding Petitioner claimed that his appeal counsel, not the trial court, committed error on this issue. There is no

evidence that petitioner ever has exhausted this claim in state court. Not only does the failure to exhaust this claim fatally undercut Petitioner's argument regarding cause, but it also demonstrates that the claim could be dismissed under *Rose*. *See Rose*, 455 U.S. at 520–22, 102 S.Ct. at 1204–05.

### B) The Jury Array

■ The jury array claim has been exhausted in state court. In *Rose*, the Supreme Court discussed the interplay between the exhaustion and abuse of writ doctrines, and the resultant narrow framework in which a petitioner may bring his claim. State remedies must be completely exhausted before proceeding in federal court, and a conscious decision not to bring certain claims in an initial federal action may result in dismissal of subsequent petitions. The Court noted that such requirements discourage piecemeal litigation and do not unreasonably impair a prisoner's right to relief. *See Rose*, 455 U.S. at 520–22, 102 S.Ct. at 1204–05.

This framework was further defined in the recent *McCleskey* decision, which places the burden on the petitioner to show cause and prejudice regarding the failure to bring claims. The failure to bring claims due to oversight or even attorney error can foreclose subsequent petitions, and there are only certain enumerated situations which constitute valid "cause." *See McCleskey*, 111 S.Ct. at 1470.

In the instant case Petitioner is in a self-created position where he could not have raised the jury array claim in the first federal proceeding because at that time it had not been exhausted under *Rose*, and cannot do so now under *McCleskey* because he failed to raise it in the first proceeding. The timing of the institution of the first federal action was Petitioner's choice. It was not a Hobson's choice.

A key factor underlying *McCleskey*, and predicted in *Rose*, is the need to "curtail the abusive petitions that in recent years have threatened to undermine the integrity of the habeas corpus process." *McCleskey*, 111 S.Ct. at 1471; *see Rose*, 455 U.S. at 521, 102 S.Ct. at 1205 (citing *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963)). Ideally, a petitioner should determine all possible habeas claims, exhaust them in state court, and then proceed to with one federal action. The emphasis should be on getting a petition right the first time.

### Other Potential Causes

■ Petitioner does not allege any other causes for the failure to raise his claims in the earlier federal proceeding. There is no evidence that government officials interfered with his counsel's conduct during the initial habeas action. In addition, Petitioner does not herein allege that his counsel was ineffective. While Petitioner did make this allegation as a basis in his initial state court habeas action, this court is unwilling to infer it as a claim in this action.

The only additional "external factor" upon which Petitioner could disprove abuse of the writ is that the legal basis for a claim was not available to him at the initial federal proceeding. The Supreme Court has held that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a [petitioner] has cause for his failure to raise the claim...." *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984); *see McCleskey v. Zant*, 111 S.Ct. at 1470 (1991). This doctrine is clearly inapplicable to the venerable "year and a day" rule, but will be examined in light of the jury array claim.

Petitioner does not argue that his constitutional challenge to the jury array is a novel claim. The Second Circuit case underlying his jury array claim in the state habeas proceeding cited constitutional challenges to jury arrays before Petitioner's trial was held. *See Alston v. Manson*, 791 F.2d 255, 258 (2d Cir.1986). Indeed, when this second state habeas proceeding was appealed to the Connecticut Supreme Court, the Court noted that Petitioner should have raised the jury array issue before trial. *See Johnson v. Commissioner of Correction*, 218 Conn. 403, 423, 589 A.2d 1214 (1991).

*Potential for a Miscarriage of Justice*

█ Finally, the court is unwilling to hold that a dismissal of the petition due to abuse of the writ would constitute a miscarriage of justice. Whatever the merits of the "year and a day" or the jury array claims, the court is unpersuaded that Petitioner is an innocent man wrongly imprisoned. At least six state courts have examined Petitioner's trial and conviction, and he has already had one federal habeas petition dismissed.

## CONCLUSION

Because the Petitioner Armando Valeriano has abused the writ of habeas corpus by failing to bring all of his claims in his initial federal habeas corpus action, the Respondent's motion to dismiss the petition is GRANTED.

SO ORDERED.