992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcus William PLAYER, Petitioner-Appellant,
v.
B.J. BUNNELL, Respondent-Appellee.
 No. 92-55822.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1993.*
Decided April 27, 1993.
 
 1
 Before: NOONAN and LEAVY, Circuit Judges, TANNER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Player appeals from the denial of his habeas petition as an abuse of the writ. We affirm.
 
 
 4
 A district court's denial of a petition for habeas relief is reviewed de novo. Harris v. Vasquez, 943 F.2d 930 (9th Cir.1990).
 
 
 5
 Factual findings are binding against petitioner unless "clearly erroneous." Maxwell v. Sumner, 673 F.2d 1031, 1036 (9th Cir.1982).
 
 
 6
 The government bears the burden of pleading petitioner's abuse of the writ. McCleskey v. Zant, --- U.S. ----, 111 S.Ct. 1454, 1457, (9th Cir.1991). The government has done this by showing that petitioner did not raise in his previous habeas petition, claims which he now raises. Once the government meets its burden, the burden shifts to the petitioner to show cause for failure to raise an issue, and actual prejudice resulting from erros complained of. Id. at 1456.
 
 
 7
 'Cause' requires a showing of "some external impediment preventing petitioner from constructing or raising a claim." Id. at 1456 (e.g., governmental interference or the reasonable unavailability of a factual basis for the claim). McClesky, therefore, overrules Neuschafer v. Whitley, 860 F.2d 1470 (9th Cir.1988) which held that when claims are omitted from an initial habeas petition due to petitioner's good faith belief that a federal habeas petition is barred until state remedies are exhausted, petitioner will not be found to have abused the writ by raising those claims in a subsequent petition. Id. at 1475.
 
 
 8
 There is nothing in the record to suggest that petitioner's appellate counsel impeded him from raising his claims in his previous writ.
 
 
 9
 If petitioner cannot establish cause, the court can still excuse failure to raise the claim in an earlier petition if petitioner can show that dismissal of the claim will result in a fundamental miscarriage of justice--the conviction of an innocent person. McClesky, 111 S.Ct. at 1457.
 
 
 10
 Petitioner has not demonstrated how dismissal of his claims would result in a fundamental miscarriage of justice.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3