51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Melvin L. FREEMAN, Petitioner/Appellant,
v.
Jack DUCKWORTH, Respondent/Appellee.
 No. 94-1790.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 7, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Melvin L. Freeman appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. Sec. 2254. The district court concluded that Freeman had abused the writ. We affirm.
 
 
 2
 In 1985, an Indiana state jury convicted Freeman of various drug offenses and determined that he was an habitual offender. Freeman was sentenced to 130 years of imprisonment. The convictions and sentence were affirmed on direct appeal. Freeman v. State, 541 N.E.2d 533 (Ind.1989). In 1989, Freeman filed his first petition for a writ of habeas corpus, pursuant to 28 U.S.C. Sec. 2254, which the district court denied on its merits. Freeman v. Duckworth, No. 89-1283-C (S.D.Ind. June 11, 1990). Thereafter, Freeman returned to the state court and filed a petition for post-conviction relief, which was denied by the trial and appellate courts. Freeman v. State, No. 49A02-9210-PC-496 (Ind.App. Sept. 8, 1993). Freeman now brings this second petition to federal court and raises five grounds for relief, none of which were raised in his first petition.[1] The district court found that Freeman had abused the writ, and that the abuse was unexcused. Freeman now appeals.
 
 
 3
 A federal court need not entertain a second or subsequent petition for habeas corpus unless the petitioner satisfies two conditions: first, the subsequent petition must allege a new ground, factual or otherwise, and second, the applicant must satisfy the judge that he did not deliberately withhold the ground earlier or "otherwise abuse the writ." 28 U.S.C. Sec. 2244(b). Rule 9(b) of the Rules Governing Habeas Corpus Proceedings provides:
 
 
 4
 A second or subsequent petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 5
 28 U.S.C. Sec. 2254, Rule 9(b). The Supreme Court explained what standards govern 'abuse of the writ' in McCleskey v. Zant, 499 U.S. 467 (1991). "Abuse of the writ is not confined to instances of deliberate abandonment." McCleskey, 499 U.S. at 489. "[A] petitioner may abuse the writ by failing to raise a claim through inexcusable neglect." Id. "To excuse his failure to raise the claim earlier, [the petitioner] must show cause for failure to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions." Id. at 494. "In procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." Id. at 493 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). This same standard applies to a petitioner's failure to raise a claim in a previous petition for a writ of habeas corpus. Id.[2]
 
 
 6
 The government bears the initial burden of establishing an abuse of the writ: it must show, with clarity and particularity, petitioner's prior writ history, identify the claims that appear for the first time, and allege that petitioner has abused the writ. Id. at 494. The burden to disprove abuse, by a showing of cause and prejudice, then becomes petitioner's. Id. In Freeman's case, the government satisfied its burden. Consequently, the burden shifted to Freeman to establish an excuse for his failure to raise the new claims in the previous petition.
 
 
 7
 On appeal, Freeman argues that cause is established in the following two ways. First, he contends that he was unaware that his failure to raise all the claims in the first petition might constitute an abuse of the writ. Second, he argues that he could not raise these claims in the first petition because they had not yet been exhausted in the state courts, and any attempt to raise unexhausted claims in a federal petition would have resulted in dismissal of his federal petition.
 
 
 8
 With regard to Freeman's first contention, that he was unaware of the legal ramifications of his decision not to raise the claims in the first petition, this argument has been waived. Freeman did not present the argument to the district court, and cannot raise it for the first time on appeal. See Dortch v. O'Leary, 863 F.2d 1337, 1342 (7th Cir.1988), cert. denied sub nom. Dortch v. Cohn, 490 U.S. 1049 (1989). In any event, the argument is without merit. "The requirement of cause in the abuse of the writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition." McCleskey, 499 U.S. at 498.
 
 
 9
 Freeman's second excuse for not raising the claims in the first petition, that they had not yet been exhausted in the state courts, has not been waived and must be addressed. However, "the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission." Jones v. Estelle, 722 F.2d 159, 168 (5th Cir.1983) (en banc), cert. denied sub nom. Jones v. McKaskle, 466 U.S. 976 (1984). "[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." Rose v. Lundy, 455 U.S. 509, 523 (1982) (plurality). See also McCorquodale v. Kemp, 832 F.2d 543, 546 (11th Cir.) ("the failure to raise a claim, even an unexhausted one, may cause the petitioner Rule 9 problems."), cert. denied, 483 U.S. 1055 (1987). "While a petitioner may have an excuse for the omission, such as newly found facts or changes in the law, that the omitted claim was not then exhausted is alone not enough." Jones, 722 F.2d at 169. Jones' holding of inexcusable neglect was explicitly approved in McCleskey, 499 U.S. at 489 (citing Jones, 722 F.2d at 163).[3]
 
 
 10
 Freeman's excuse for his failure to raise his claims in the first petition is that they had not yet been exhausted in state courts. We hold that this excuse fails as a matter of law. The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The five grounds are: that Freeman was denied effective assistance of trial counsel because counsel testified against Freeman and failed to convey a plea bargain to him; that Freeman was denied due process because the information charging Freeman with being an habitual offender was deficient; Freeman was denied due process because his sentences should have been concurrent not consecutive; that Freeman was denied due process because of an inadequate jury instruction; and that trial counsel's performance at trial was ineffective. (R. at 1)
 
 
 [2]
 Cause may be excused to prevent a "fundamental miscarriage of justice" McCleskey, 499 U.S. at 494, but Freeman does not contend that this narrow exception is at issue
 
 
 [3]
 We note that the Ninth Circuit in Neuschafer v. Whitley, 860 F.2d 1470 (9th Cir.1988), cert. denied sub nom. Demosthenes v. Neuschafer, 493 U.S. 906 (1987), has held that the failure to raise an unexhausted claim in a prior petition does not constitute an abuse of the writ, as a matter of law, because under Ninth Circuit precedent the failure to raise an unexhausted claim is not deliberate abandonment of that claim. Neuschafer, 860 F.2d at 1476 (citing Tannehill v. Fitzharris, 451 F.2d 1322 (9th Cir.1971)). However, this decision preceded McCleskey, which would appear to overrule the Ninth Circuit's position. McCleskey, 499 U.S. at 489-90 (explaining that abuse of the writ is not limited to deliberate abandonment, but also includes instances of inexcusable neglect)