**UNITED STATES of America ex rel. Michael K. HARRIS, Petitioner,**

v.

**Keith O. NELSON, Respondent.**

No. 95 C 6702.

United States District Court, N.D. Illinois, Eastern Division.

March 6, 1996.

Michael K. Harris, Dixon, IL, Pro Se.

Arleen C. Anderson, Attorney General's Office, Chicago, IL, for DeTella.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

This is the second petition of Michael K. Harris for *habeas corpus,* filed pursuant to 28 U.S.C.A. § 2254. Harris now alleges the ineffective assistance of counsel and the deni-

al of a right to an evidentiary hearing (during his state post-conviction proceeding) to determine if his counsel was in fact ineffective. For the reasons stated herein, Harris' petition is dismissed as an abuse of the writ.

## BACKGROUND

Petitioner was convicted of murder, attempted murder, and two counts of aggravated battery by a jury of his peers and was sentenced to three consecutive prison terms of 40, 12, and 5 years and to one concurrent term of 5 years, totalling 57 years. The Illinois Appellate Court affirmed his conviction and sentence, *People v. Harris,* 123 Ill. App.3d 899, 79 Ill.Dec. 476, 463 N.E.2d 1030 (Ill.App. 1st Dist.1984), and the Illinois Supreme Court denied his petition for leave to appeal. *See U.S. ex rel. Harris v. Thieret,* (No. 86 C 5100), 1987 WL 17833, (N.D.Ill. Sept. 28, 1987).

On September 24, 1987 this court denied Harris's first petition for *habeas corpus* relief. *United States ex rel. Harris v. Thieret,* (No. 86 C 5100), 1987 WL 17833, (N.D.Ill. Sept. 28, 1987). We dismissed his challenge relating to the jury instructions for failure to present the constitutional argument to the state courts *Id.* We dismissed the claim related to consecutive sentencing on the merits. *Id.*

Petitioner then asked the state for post-conviction relief, alleging the ineffective assistance of trial counsel. The petition was dismissed (March 23, 1992), and we assume *arguendo* that an appeal from the dismissal and leave to appeal to the state Supreme Court were both denied.[1] Harris then filed his second petition for *habeas corpus* which respondents now seek to have dismissed as an abuse of the writ.[2] Petitioner argues that his ineffective assistance of counsel claim was unexhausted when he filed his first *habeas* petition and that the evidentiary hearing

challenge did not arise until the conclusion of the state post-conviction proceedings which was also subsequent to the first federal petition.

## DISCUSSION

■ Our analysis begins with *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517, *reh'g. denied,* 501 U.S. 1224, 111 S.Ct. 2841, 115 L.Ed.2d 1010 (1991), for that case sets the analytical framework for abuse of writ cases. The *McCleskey* Court held that a successive *habeas* petition may be dismissed under the abuse doctrine even if the subsequent claim was not "deliberately abandoned" in the first petition, *id.* at 487, 489, 111 S.Ct. at 1466, 1467, unless the petitioner can show cause and prejudice for his failure, *id.* at 493, 111 S.Ct. at 1470, or that a fundamental miscarriage of justice would ensue, *id.* at 494, 111 S.Ct. at 1470. "Cause" is defined as "some objective factor external to the defense" which prevented the petitioner from bringing all of his claims at once. *See id.* at 493, 111 S.Ct. at 1470 (citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).[3] A partial list of objective factors includes official interference, a retroactive change in the law, or a legal basis that was not reasonably available when the first petition was filed. *See Murray,* 477 U.S. at 488, 106 S.Ct. at 2645 (citations omitted). Generally, the fact that petitioner is proceeding *pro se* will not constitute sufficient cause. *U.S. ex rel. Cawley v. Detella* (No. 93 C 3464), 1994 WL 233810 at *4 (N.D.Ill. May 20, 1994), *aff'd. by* 71 F.3d 691 (7th Cir.1995) (listing illiteracy and limited education); *Cornman v. Armontrout,* 959 F.2d 727, 729 (8th Cir.1992) (citations omitted). In this case petitioner asks us to excuse his failure to bring all of his federal *habeas* claims at once because they were not all exhausted when he filed his first petition. We regret that we cannot.

---

1. We make this assumption or this petition would be dismissed for procedural default. *See Jenkins v. Gramley,* 8 F.3d 505, 507 (7th Cir. 1993).

2. Rule 9(b) of the Rules Governing § 2254 cases allow a judge to dismiss a second or successive petition "if new and different grounds are alleged, [and] the judge finds that the failure of the

petitioner to assert those grounds in a prior petition constituted an abuse of the writ." *See also* 28 U.S.C.A. § 2244(b).

3. This is the same cause and prejudice analysis which applies to the procedural default cases. *McCleskey,* 499 U.S. at 490, 493, 494, 111 S.Ct. at 1468, 1469, 1470.

Petitioner had both exhausted and unexhausted claims when he filed his first petition. He chose to proceed with the exhausted claims in federal court and let the unexhausted claims rest in the background. It was only after he was denied *habeas* relief in federal court that petitioner decided to exhaust his ineffective assistance of counsel claim in the state court system. And it was only during the state post-conviction proceedings that his evidentiary hearing claim could have arisen. When he was denied relief in state court he filed this *habeas* petition. Since the timing of the first federal action was completely within petitioner's control, his failure to heed the *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (plurality), *dicta* is fatal. The *Rose* Court held a *habeas* petitioner to a "total-exhaustion" rule, forbidding district courts from entertaining any petitions that included both exhausted and unexhausted claims. *Id.* at 522, 102 S.Ct. at 1205.[4] This rule, the Court noted, leaves petitioner in the position of "returning to state court to litigate his exhausted claims, or of proceeding with only his exhausted claims in federal court." *Id.* at 514, 102 S.Ct. at 1201. The former route may delay a petitioner's relief, but by choosing the latter procedure (*i.e.*, amending the petition to delete any unexhausted claims) "the prisoner would risk forfeiting consideration of his unexhausted claims in federal court." *Id.* at 520, 102 S.Ct. at 1204.[5] A number of other federal courts have held that a second *habeas* petition bringing claims that were unexhausted when the first petition was filed, must be dismissed as an abuse of the writ. *See Jones v. Estelle*, 722 F.2d 159, 169 (5th Cir.1983) (en banc), *cert. denied* 466 U.S.

976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984); *Valeriano v. Meachum*, 792 F.Supp. 146 (D.Conn.1992); *Rogers v. Whitley*, 717 F.Supp. 706 (D.Nev.1989). *Cf. McCorquodale v. Kemp*, 832 F.2d 543, 545 (CA 11 1987) ("McCorquodale seeks to justify his counsel's failure to examine the record for available but unexhausted claims because he did not want to bring a mixed petition that would have been dismissed. This is not a justification. Rule 9 reflects a strong federal policy against piecemeal adjudication of federal hearing claims"), *reh'g. denied* 829 F.2d 1132 (11th Cir.1987) and *cert. denied*, 483 U.S. 1055, 108 S.Ct. 32, 97 L.Ed.2d 819 (1987).[6]

Two other facts persuade us that plaintiff's petition must be dismissed as an abuse of the writ. First, comity counsels in favor of this rule. Our first memorandum and order was issued nine years ago, and such a length of time makes it particularly inappropriate for a federal court to reverse a state court conviction because it leaves the state with little real opportunity to cure the defects. Second, petitioner definitely knew about his ineffective assistance of trial counsel claims at least by the end of the trial, because during sentencing he accused his attorney of forcing him to perjure himself on the stand (tr. pp. 1012, 1014–15). Thus, all the facts necessary for his ineffective assistance claims were available when he filed his first *habeas* petition. He could have exhausted this claim in the state post-conviction proceeding (and forced the evidentiary hearing to the surface) before filing his first *habeas* petition. This is precisely the position which the *Rose* Court anticipated, and his failure to follow the appro-

---

4. The Supreme Court cabined the reach of the total exhaustion rule in *Granberry v. Greer*, 481 U.S. 129, 134, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987), when it held that an appellate court was not barred from reaching the merits of a *habeas* petition when the state failed to raise the non-exhaustion defense in the district court.

5. The Court justified its holding by favoring comity over the "not unreasonable impair[ment of] the prisoner's right to [*habeas*] relief." *See Rose* 455 U.S. at 522, 102 S.Ct. at 1205.

6. In fact, the most important case upon which petitioner relies, *Neuschafer v. Whitley*, 860 F.2d

1470 (9th Cir.1988), *cert. denied sub nom., Demosthenes v. Neuschafer*, 493 U.S. 906, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989), was overruled by *McCleskey*. *See Player v. Bunnell*, (No. 92-55822), 992 F.2d 1220, 1993 WL 131218, (9th Cir.1993) (unpublished disposition); *Coleman v. Vasquez*, 771 F.Supp. 300 (N.D.Cal.1991); *Freeman v. Duckworth*, (No. 94–1790) 51 F.3d 275, 1995 WL 156661 (7th Cir.1995) (unpublished disposition). In addition, the unpublished Seventh Circuit opinion cites *Jones v. Estelle* and *McCorquodale v. Kemp* with approval. *Freeman, supra.*

priate procedures forces us to dismiss his second petition for *habeas corpus* as an abuse of the writ.

Finally, since petitioner does not claim that he is actually innocent of the crimes for which he was sentenced, he does not meet the fundamental miscarriage of justice standard. *See McCleskey,* 499 U.S. at 495, 111 S.Ct. at 1471.

### *CONCLUSION*

For the foregoing reasons, Harris' petition is dismissed as an abuse of the writ.