Courtney O. ARMSTEAD, Petitioner,

v.

Al C. PARKE, Respondent.

No. 3:95–cv–0776 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

June 10, 1996.

Courtney O. Armstead, Michigan City, IN, pro se.

James D. Dimitri, Office of the Attorney General, Indianapolis, IN, for respondent.

### MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On September 25, 1995, petitioner, Courtney O. Armstead ("Armstead"), filed the present petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court, challenging a 1982 conviction for attempted burglary imposed by the State of Indiana. Armstead is currently incarcerated at the Indiana State Prison in Michigan City, Indiana, and has filed his petition *pro se.*

### I. FACTS AND PROCEDURAL HISTORY

On February 3, 1982, Armstead was charged with attempted burglary with intent to commit fraud as a result of activities observed by a City of Evansville police officer the previous day. On February 5, 1982, the Juvenile Division of the Vanderburgh County Superior Court permitted the State of Indiana to file a delinquency petition against Armstead on charges of attempted burglary with intent to commit fraud since Armstead was only sixteen years of age at the time of the crime. On February 22, 1982, the Juvenile Division waived jurisdiction over Armstead to the adult division of the Vanderburgh County Superior Court. Consequently, on February 25, 1982, the State of Indiana charged Armstead with attempted burglary, a class B felony. On September 24, 1982, Armstead pled guilty to the charges against him. Subsequently, Armstead was sentenced by the Vanderburgh County Superior Court to six years in prison, with two years to be served on work release and four years suspended to probation.

After completely serving the sentence imposed on his 1982 attempted burglary conviction, Mr. Armstead again found himself in trouble with the law. On December 10, 1987,

Armstead was convicted of receiving stolen auto parts in the Vanderburgh County Superior Court. Additionally, by virtue of that conviction, Armstead was determined to qualify as an habitual offender under the law of the State of Indiana. Consequently, he received an enhanced sentence of thirty-four (34) years in prison for his 1987 conviction for auto theft. The 1987 conviction was affirmed by the Supreme Court of Indiana in *Armstead v. State*, 538 N.E.2d 943 (Ind. 1989).

On November 6, 1989, Armstead filed his first federal petition for writ of *habeas corpus* in the United States District Court for the Southern District of Indiana. In that petition, Armstead challenged the constitutionality of his 1987 conviction for auto theft and the state court's determination that he qualified as an habitual offender by alleging that his due process rights had been violated because there was insufficient evidence to support the conviction. On April 25, 1990, then-Chief Judge Gene E. Brooks of the Southern District of Indiana denied Armstead's first *habeas* petition, dismissing the action *with prejudice*. Armstead attempted to appeal Chief Judge Brooks's decision, however that attempt failed when the district court denied both Armstead's petition to proceed *in forma pauperis* on appeal and his certificate of probable cause.

In November 1990, Armstead turned his attention back to the courts of the State of Indiana by filing a petition for post-conviction relief ("PCR"), which raised a laundry list of claims, in the state trial court. The Vanderburgh County Superior Court denied his PCR petition on September 19, 1991. Subsequently, Armstead appealed the denial to the Court of Appeals of the State of Indiana. In *Armstead v. State*, 596 N.E.2d 291, 292–94 (Ind.Ct.App.1992), the Court of Appeals reversed and remanded Armstead's PCR petition to the state trial court for an evidentiary hearing. The Vanderburgh County Superior Court subsequently held such an evidentiary hearing. On October 12, 1993, the state trial court found that Arm-

stead's claims were barred by the doctrine of laches. Additionally, the state trial court also denied all of Armstead's PCR claims on their merits.

Armstead again appealed the state trial court's decision to the Court of Appeals for the State of Indiana. In a memorandum decision dated January 18, 1995, the Court of Appeals affirmed the state trial court's denial of Armstead's PCR petition solely on the basis that the petition was barred by the doctrine of laches. On March 8, 1995, the Supreme Court of Indiana denied Armstead's petition to transfer without an opinion.

## II. ARGUMENTS

■ Mr. Armstead returned to federal court by filing the present petition for writ of *habeas corpus* in this court on September 25, 1995. In his petition, he presents six separate issues. First, he claims that the state trial court erred in assuming jurisdiction over his case when it did not have authority to do so. Second, he claims that he received ineffective assistance of counsel, denying him a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution. Third, he contends that he did not enter his plea of guilty knowingly, voluntarily and intelligently, thus violating his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Fourth, he alleges that the state trial court abused its discretion in allowing defense counsel to withdraw over his objection. Fifth, he claims that he was denied assistance of counsel in violation of the Fourteenth Amendment Due Process and Equal Protection clauses. Finally, he claims that the state trial court erred in holding that his claims were barred by the doctrine of laches.[1]

On January 18, 1996, the respondent filed his return to order to show cause, demonstrating the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). In the return, the respondent first argues that

---

1. Mr. Armstead also raises several issues challenging his incarceration under the Constitution of the State of Indiana. However, it must be understood that this court does not sit to correct any errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), and *Kraushaar v. Flanigan*, 45 F.3d 1040 (7th Cir.1995). Therefore, any of the petitioner's claims alleging violations of the Constitution of the State of Indiana must be dismissed.

this court is barred from reviewing the merits of Armstead's claims because Armstead has abused the writ by filing this second and successive *habeas* petition. Second, the respondent argues that Armstead received a full and fair opportunity for state collateral review of his 1982 conviction for attempted burglary and may not now receive federal review of his claims. Third, the respondent contends that Armstead has procedurally defaulted federal *habeas* review of his claims because the state courts barred him from obtaining post-conviction relief by virtue of the doctrine of laches.

On May 6, 1996, the petitioner filed his "Traverse to Answer to Show Cause." In his traverse, Armstead first claims that he has not abused the writ by filing the present petition because some of the issues he now raises were not available and could not properly be presented for review in his first petition. Armstead then responds to each of the respondent's defenses and, ultimately, reargues each of the claims raised in his petition.

### III. BACKGROUND

A claim under 28 U.S.C. § 2254 requires the federal *habeas* court to ensure that the state criminal conviction was not achieved at the expense of the petitioner's constitutional rights. Justice Stewart, speaking for the Supreme Court of the United States in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), described the role of the federal district courts in habeas proceedings:

> A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the consti-

tutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

*Id.* at 323, 99 S.Ct. at 2791.

Following *Jackson, supra*, there is an increasingly long line of cases in this circuit, including the very recent decision in *Brumley v. Detella*, 83 F.3d 856 (7th Cir.1996), which suggest that the facts found by the highest court of a state are presumed to be correct. *See also, Milone v. Camp*, 22 F.3d 693, 697 n. 2 (7th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 720, 130 L.Ed.2d 626 (1995); *Cuppett v. Duckworth*, 8 F.3d 1132, 1141 (7th Cir.1993) (en banc), *cert. denied,* 510 U.S. 1180, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994); *Andersen v. Thieret*, 903 F.2d 526, 531 (7th Cir.1990). "This deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings 'lacked even fair support in the record.'" *Marshall v. Lonberger*, 459 U.S. 422, 432, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983); *see also Mills v. Jordan*, 979 F.2d 1273, 1279 (7th Cir.1992).

It also must be understood that this court does not sit to correct any errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), and *Kraushaar v. Flanigan*, 45 F.3d 1040 (7th Cir.1995). Further, this court does not sit as a trier de novo in state court criminal proceedings and does not sit as a court of general common law review. The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir.1988), *cert. denied,* 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989).

### IV. ABUSE OF THE WRIT

A basic goal of *habeas* jurisprudence is to strive for finality and avoid piecemeal

litigation. In that spirit, 28 U.S.C. § 2244 and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts attempt to limit the number of repetitive habeas petitions. In the petition now before the court, Armstead is challenging the constitutionality of his 1982 conviction for attempted burglary even though he has completely served the sentence for that conviction. Normally, such a petition challenging a conviction for which the sentence has already been completely served would violate the "in custody" jurisdictional requirements of 28 U.S.C. § 2241(c)(3). However, because Armstead is presently in custody serving a subsequent criminal sentence for his 1987 auto theft conviction which was enhanced by virtue of his 1982 conviction for attempted burglary, Armstead does not violate the "in custody" jurisdictional requirement of § 2241. Thus, the issue of abuse of the writ is now before the court on the respondent's argument that Armstead's present petition is a second and successive attempt to challenge his current period of incarceration, since then-Chief Judge Brooks of the Southern District of Indiana denied with prejudice Armstead's first attempt at *habeas* relief challenging his 1987 conviction for auto theft and the state court's determination that he qualified as an habitual offender under Indiana law.

It is important to note that on April 24, 1996, the President of the United States signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"), an act that significantly amends federal *habeas* law, including 28 U.S.C. § 2244—the section which outlines the parameters for determining when successive *habeas* petitions may be filed. Because this case was pending before the court when the amendments were enacted, and because it is uncertain whether Section 106 of the Act (which specifically amends § 2244) is to be applied retroactively, erring on the side of judicial caution, the court will analyze the issue of whether Mr. Armstead has abused the writ under the applicable standards both before the Act and under the new standards set forth by Congress in the amendments to § 2244.

## A. ANALYSIS UNDER PRE–ACT STANDARDS

In *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the Supreme Court of the United States revisited the issues that permeate successive petitions as well as the abuse of the writ doctrine. This court notes the reasoning and explanation as outlined by Justice Kennedy in *McCleskey, supra:*

> Far more severe are the disruptions when a claim is presented for the first time in a second or subsequent federal habeas petition. If "[c]ollateral review of a conviction extends the ordeal of trial for both society and the accused," *Engle v. Isaac, supra,* 456 U.S. [107] at 126–127 [102 S.Ct. 1558, 1571, 71 L.Ed.2d 783 (1982)], the ordeal worsens during subsequent collateral proceedings. Perpetual disrespect for the finality of convictions disparages the entire criminal justice system.
>
> "A procedural system which permits an endless repetition of inquiry repetition of inquiry into facts and law in a vain search for ultimate certitude implies a lack of confidence about the possibilities of justice that cannot but war with the underlying substantive commands.... There comes a point where a procedural system which leaves matters perpetually open no longer reflects humane concern but merely anxiety and a desire for immobility." *Bator,* 76 Harv.L.Rev., at 452–453.
>
> If re-examination of a conviction in the first round of federal habeas stretches resources, examination of new claims raised in a second or subsequent petition spreads them thinner still. These later petitions deplete the resources needed for federal litigants in the first instance, including litigants commencing their first federal habeas action. The phenomenon calls to mind Justice Jackson's admonition that "[i]t must prejudice the occasional meritorious application to be buried in a flood of worthless ones." *Brown v. Allen,* 344 U.S. [443] at 537, 73 S.Ct. [397] at 425 [97 L.Ed. 469 (1953)] (Jackson, J., concurring in result). And if reexamination of convictions in the first round of habeas offends federalism and comity, the offense increases when a

State must defend its conviction in a second or subsequent habeas proceeding on grounds not even raised in first petition. *Id.* at 492, 111 S.Ct. at 1469.

■ The abuse of the writ doctrine is an affirmative defense to which the respondent has the burden of pleading, and that once the respondent makes a proper submission, the petitioner must show that he has not abused the writ in seeking habeas relief. *McCleskey,* 499 U.S. at 477, 111 S.Ct. at 1461 (*citing Sanders v. United States,* 373 U.S. 1, 10–11, 83 S.Ct. 1068, 1074–75, 10 L.Ed.2d 148 (1963) (other citations omitted)). This issue is not jurisdictional and can be waived if not sufficiently alleged and briefed as noted by the *McCleskey* Court:

> The cause and prejudice analysis we have adopted for cases of procedural default applies to an abuse of the writ inquiry in the following manner. When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failure to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard.

*Id.* at 494, 111 S.Ct. at 1470.

Based upon this information and a careful review of the respondent's return to order to show cause, the court finds that the respondent has made a prima facia showing of an abuse of the writ. The respondent has, with clarity and particularity, shown Mr. Armstead's prior writ history, identified Armstead's claims on each petition, stated how Armstead's two petitions are interrelated, and alleged that Armstead is abusing the writ. The burden now shifts to Armstead to disprove abuse of the writ.

■ Abuse of the writ is not confined to instances of deliberate abandonment—a petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. *McCleskey,* 499 U.S. at 489, 111 S.Ct. at 1467–68. In order to refute the respondent's affirmative defense that he has abused the writ, Mr. Armstead must show both cause for and prejudice resulting from the errors of which he alleges in his second petition. *Id.* at 494, 502, 111 S.Ct. at 1470, 1474–75 (applying cause and prejudice standard of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). The cause standard requires Armstead to produce some objective external factor that impeded his efforts to raise his present claims in his prior federal *habeas* petition. *Id.* at 493, 111 S.Ct. at 1469–70. The court acknowledges that this is a very difficult task.

■ After a careful review of the petitioner's traverse, it appears that the petitioner states only one argument to establish the necessary cause in this case—that at the time he filed his original petition for writ of *habeas corpus,* the issue of ineffective assistance of counsel was not available to him since that issue had not been presented for review to the Court of Appeals for the State of Indiana. The court does not find this argument to be compelling.

It appears that Armstead is challenging the constitutionality of his 1982 conviction for attempted burglary in this petition. Hence, the issue of ineffective assistance of counsel which Armstead claims was not available to him at the time he filed his original petition for writ of *habeas corpus* must be also based upon his 1982 conviction. It has been established that Armstead completely served his sentence on his 1982 conviction before the sentence on his 1987 auto theft conviction commenced. Therefore, Armstead's argument appears to be that because a claim for ineffective assistance of counsel associated with his 1982 attempted burglary conviction—a sentence which he completely served—was unexhausted at the time he filed his first federal *habeas corpus* petition, he can now establish just cause for failing to raise all of his available issues in his first petition. The court is not persuaded that

such an argument should succeed in this case.

The sole fact that a new claim was unexhausted when the earlier federal writ was prosecuted will not excuse its omission. *Rudolph v. Blackburn,* 750 F.2d 302, 305 (5th Cir.1984); *Jones v. Estelle,* 722 F.2d 159, 168 (5th Cir.1983) (en banc), *cert. denied sub nom., Jones v. McKaskle,* 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984); *see also, Freeman v. Duckworth,* 1995 WL 156661 (7th Cir. Apr. 7, 1995) (unpublished disposition citing *Jones* with approval).[2] Further, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Rose v. Lundy,* 455 U.S. 509, 521, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) (plurality); *see also McCorquodale v. Kemp,* 832 F.2d 543, 546 (11th Cir.), *cert. denied,* 483 U.S. 1055, 108 S.Ct. 32, 97 L.Ed.2d 819 (1987).[3]

The respondent correctly argues that the petitioner could have developed the claims raised in the present petition in his 1990 *habeas* petition filed in the Southern District of Indiana. Armstead has not demonstrated that an external factor was responsible for his failure to raise his present claims in the earlier petition. The court finds that Armstead's failure to raise the issues contained in the present petition amounts to inexcusable neglect. Thus, under *McCleskey, supra,* Armstead cannot establish the necessary cause to justify his failure to raise his claims in the earlier *habeas* petition. Further, because Armstead cannot establish the necessary cause, the court need not reach the question of whether Armstead can establish actual prejudice under the *Wainwright* standard. *Smith v. Murray,* 477 U.S. 527, 533, 106 S.Ct. 2661, 2665–66, 91 L.Ed.2d 434 (1986); *Buelow v. Dickey,* 847 F.2d 420, 425 (7th Cir.1988), *cert. denied sub nom., Buelow v. Bablitch,* 489 U.S. 1032, 109 S.Ct. 1168, 103 L.Ed.2d 227 (1989) (holding that a petitioner's inability to demonstrate either prong of the *Wainwright* test results in dismissal of the *habeas* petition before the merits of the claims can be reached).

The Supreme Court of the United States has also held that even if a petitioner cannot meet the cause and prejudice standard of *Wainwright,* a federal court may hear the merits of a successive petition if the failure to hear the claims would result in a "miscarriage of justice." *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992). The Supreme Court has equated the miscarriage of justice standard with a claim of "actual innocence." *Id.; Zavesky v. Miller,* 79 F.3d 554, 556 (7th Cir.1996). In order to establish "actual innocence," a petitioner must establish that in light of all the probative evidence, "the trier of facts would have entertained a reasonable doubt of his guilt." *Kuhlmann v. Wilson,* 477 U.S. 436, 454 n. 17, 106 S.Ct. 2616, 2627 n. 17, 91 L.Ed.2d 364 (1986).

In his traverse, Armstead raises the argument that he was actually innocent of the 1982 crime of attempted burglary for which he was convicted. In support of this argument, he appears to claim that there is insufficient evidence to establish that a preliminary inquiry was conducted by the Juvenile Division before his case was turned over to the adult division of the Vanderburgh County Superior Court so that he could be charged with attempted burglary. Further, he claims that the Juvenile Division never acquired jurisdiction over his conduct, that the waiver to the Vanderburgh County Superior Court was invalid, and, therefore, that

---

2. The Seventh Circuit noted in *Freeman* that the Ninth Circuit in *Neuschafer v. Whitley,* 860 F.2d 1470 (9th Cir.1988), *cert. denied sub nom., Demosthenes v. Neuschafer,* 493 U.S. 906, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989), held as a matter of law that the failure to raise an unexhausted claim in a prior *habeas* petition does not constitute an abuse of the writ because, under Ninth Circuit precedent, nonexhaustion of a claim does not amount to abandonment of that claim. *Freeman,* 1995 WL 156661 at *3. However, the Seventh Circuit also found that the Supreme

Court's decision in *McCleskey, supra,* which came after *Neuschafer,* appears to overrule the Ninth Circuit's position. *Id.; see also, McCleskey,* 499 U.S. at 489–90, 111 S.Ct. at 1467–68.

3. While this court is not required to follow the appellate decisions of other circuits blindly, these decisions must be given due respect because the Seventh Circuit has yet to rule on this issue. *See, Colby v. J.C. Penney Co., Inc.,* 811 F.2d 1119, 1123 (7th Cir.1987).

his conviction for attempted burglary was invalid.

█ The court is not persuaded by this argument. Mr. Armstead presents no evidence to support a claim of actual innocence. The only contentions that Armstead appears to raise in support of his claim of actual innocence are merely alleged procedural violations—that the juvenile court did not properly acquire jurisdiction over his crime making his subsequent conviction in the Vanderburgh County Superior Court void. As the Supreme Court of the United States held in *Schlup v. Delo,* —— U.S. ——, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), without any evidence of innocence, even the existence of a procedural violation which rises to level of a constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a *habeas* court to reach the merits of a barred claim. *Id.* at ——, 115 S.Ct. at 861. In this case, even if the court were to find Armstead's argument based upon procedural violations to be meritorious—which it does not—the court must still find that all claims raised by Armstead in the present petition are barred pursuant to the Supreme Court's holding in *Schlup.*

Therefore, the court now finds that Armstead's argument in support of his claim of actual innocence is not sufficient to establish that, in light of all the probative evidence a reasonable jury would have entertained a reasonable doubt of his guilt. Thus, because Armstead cannot establish the necessary cause for his failure to raise his claims in his earlier *habeas* petition and actual prejudice resulting therefrom under the standard of *Wainwright,* and because he cannot establish a miscarriage of justice or actual innocence under the holdings of *Sawyer* and *Schlup,* the court now concludes that Armstead has abused the writ by filing the successive petition now before the court and, under the standards applicable to this court before the recent passage of the Antiterrorism and Effective Death Penalty Act of 1996, Armstead's petition must be dismissed.

### B. ANALYSIS UNDER 28 U.S.C. § 2244 AS AMENDED

█ As stated above, the Congress of the United States recently enacted significant amendments to the federal *habeas corpus*

statutes in the Antiterrorism and Effective Death Penalty Act of 1996. *See* PUB.L. NO. 104–132, 110 STAT. 1214 (1996). These amendments include extensive changes in the standards federal courts are to apply when faced with second or successive petitions for a writ of *habeas corpus* under 28 U.S.C. § 2254. Section 106 of the Act amended the provisions of 28 U.S.C. § 2244(b) to read as follows:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

PUB.L. NO. 104–132, 110 STAT. 1214, § 106 (1996).

Armstead raises issues in the present petition which were not presented in his first *habeas* petition and, thus, under the amended version of § 2244, he must satisfy one of two available alternatives in order to prevent dismissal of his present petition as a successive petition which abuses the writ.

The first alternative for Armstead is to establish that the claims he raises in his present petition rely on a new rule of constitutional law which was previously unavailable to the petitioner in a *habeas* petition. Upon a careful review of both Armstead's petition and traverse, it does not appear to the court that he has made any allegation that a new rule of constitutional law entitles him to *habeas* relief. Consequently, in order for this

court to review the merits of the claims raised in the present petition, Armstead must satisfy the requirements of § 2244(b)(2)(B).

The second alternative under § 2244 requires a petitioner to satisfy two separate prongs. In this case, Armstead must first establish that the factual basis for his claims could not have been discovered prior to his filing of the present petition through the exercise of due diligence. Second, he must also establish that the facts underlying his claims, if proven and viewed within the totality of the evidence presented, would be sufficient to prove by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have found him guilty of the attempted burglary for which he was charged. Hence, this court views the second prong as requiring an analysis of Armstead's petition much like that of an argument of "actual innocence" under *Sawyer v. Whitley, supra.* Should Armstead be unable to establish either prong of this standard, the court is required to dismiss this petition.

In this case, Armstead cannot satisfy either of the two prongs of § 2244(b)(2)(B). In his present petition, Armstead is challenging the constitutionality of his 1982 conviction for attempted burglary. He argues that he could not bring these claims in his first federal *habeas* petition challenging his current incarceration because the ineffective assistance of counsel claim had not been fully exhausted in the state courts. However, Armstead provides no evidence—and it would be entirely unrealistic for the court to believe—that the factual predicate for his claims could not have been discovered prior to April 1990 when then-Chief Judge Brooks of the Southern District of Indiana dismissed his first *habeas* petition with prejudice. Therefore, Armstead must fail on the first prong.

Because Armstead cannot satisfy both prongs of § 2244(b)(2)(B), the court need not analyze his petition under the second prong. However, in the interest of judicial caution, the court also finds that Armstead is unable satisfy the second prong as well. The only argument that Armstead appears to raise challenging the sufficiency of the evidence supporting his conviction is that the juvenile division never acquired actual jurisdiction over his crime, thus making any action taken by the Vanderburgh County Superior Court invalid and his conviction void. The court finds such an argument to be neither persuasive on its face nor sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the attempted burglary for which he was charged. Thus, the court finds that pursuant to the standards and mandate of § 2244 as amended, the present petition must be dismissed as a second and successive petition which abuses the writ.

### V. CONCLUSION

For the foregoing reasons, the court finds that Mr. Armstead's present petition for writ of *habeas corpus* constitutes an abuse of the writ under both the amended standards of 28 U.S.C. § 2244(b) and the pre-Antiterrorism and Effective Death Penalty Act of 1996 standards of *McCleskey v. Zant, supra.* Therefore, the petition is now **DENIED** and this case is hereby **DISMISSED WITH PREJUDICE. IT IS SO ORDERED.**